Andrew Rozynski, Esq. (NY# 5054465)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------

RUSSELL KANE

        Plaintiff,

    v.

NBC SPORTS GOLD, LLC;
NBCUNIVERSAL MEDIA, LLC;
COMCAST CORPORATION;
PGA TOUR, INC.;

        Defendants.

--------------------------------------------------------

**Civ. No. 20-3234**

**COMPLAINT**

Plaintiff, RUSSELL KANE, by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby states his Complaint against Defendants NBC Sports Gold, LLC; NBCUniversal Media, LLC; Comcast Corporation; PGA Tour Inc.:

## PRELIMINARY STATEMENT

1.    Plaintiff RUSSELL KANE ("Plaintiff" or "Mr. Kane") is profoundly deaf and requires captioning to meaningfully access a video content. Mr. Kane is a subscriber of Defendants' PGA Tour Live, which is a subscription-based streaming service offering live and archived videos of PGA Tour. However, PGA Tour Live's programs and contents are not captioned, making them inaccessible to Mr. Kane and the deaf and hard of hearing population.

2.      By not providing captioning, Defendants deprived Mr. Kane the benefits of their streaming service, which are afforded to hearing individuals. Such actions or inactions amount to unlawful discrimination against Mr. Kane based on his disability of deafness.

3.      Based on Plaintiff's allegations herein, it is evident that Defendants failed to implement policies, procedures, and practices respecting the rights and communication needs of deaf individuals. Plaintiff brings this lawsuit to compel Defendants to cease unlawful discriminatory practices, and implement policies and procedures that will ensure deaf and hard of hearing individuals a meaningful opportunity to fully and equally enjoy Defendants' programs and contents.

4.      Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory damages; and attorneys' fees and costs to redress Defendants' unlawful disability discrimination against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* and the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290, *et seq.*

**THE PARTIES**

5.      Plaintiff Russell Kane is a profoundly deaf individual residing in Freeport, NY. Plaintiff is substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of federal and state civil rights laws. He requires materials to be in an accessible format—including captioning—to be able to participate in and receive the benefits of Defendants' online content.

6.      Defendant NBC Sports Gold, LLC is a corporation located at 30 Rockefeller Plaza, New York, NY 10112. Defendant is a public accommodation and is subject to the requirements of Title III of the ADA and the NYHRL.

7.      Defendant NBCUniversal Media, LLC is a corporation located at 30 Rockefeller

Plaza, New York, NY 10112. Upon information and belief, NBCUniversal Media, LLC is the Parent Company who owns, oversees, and/or operates NBC Sports Gold, LLC. Defendant is a public accommodation and is subject to the requirements of Title III of the ADA and the NYHRL.

8. Defendant Comcast Corporation is a corporation located at Comcast Center, 1701 JFK Boulevard, Philadelphia, PA 19103. Upon information and belief, Comcast Corporation is the Parent Company who owns, oversees, and/or operates NBCUniversal Media, LLC and NBC Sports Gold, LLC. Defendant is a public accommodation and is subject to the requirements of Title III of the ADA and the NYHRL.

9. Defendant PGA Tour, Inc. is a corporation located at 100 PGA Tour Boulevard, Ponte Vedra Beach, FL 32082, with a New York Office at 126 East 56th Street, Suite 1400, New York, NY 100022. Defendant is a public accommodation and is subject to the requirements of Title III of the ADA and the NYHRL.

## JURISDICTION & VENUE

10. The Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and/or all Defendants are subject to the Court's personal jurisdiction. Furthermore, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

12. Defendant PGA Tour Inc. is a nonprofit entity that organizes and sponsors professional golf tours both domestically and globally.

13.     Defendant NBC Sports Gold, LLC—a subsidiary of Defendants NBCUniversal Media, LLC and Comcast Corporation—operates "NBC Sports Gold," an online streaming service where users can purchase individual packages of content of a specific sport or league. NBC Sports Gold offers live and on-demand videos as well as other exclusive programs and contents to the subscribers.

14.     Defendant PGA Tour Inc. partners with Defendant NBC Sports Gold, LLC to provide "PGA Tour Live" through NBC Sports Gold. PGA Tour Live is a subscription-based streaming service offering live and on-demand coverage of PGA tournaments. It also offers many other exclusive programs and contents, such as pre-game shows, featured groups coverage of high-profile players, featured holes, hundreds hours of archived contents, event and player recaps, integrated statistics, replays, shows, etc.

15.     PGA Tour Live is available through a monthly subscription for $9.99 per month or an annual pass for $64.99.

16.     However, the programs and contents on PGA Tour Live have no captioning.

17.     Plaintiff Russell Kane is a profoundly deaf individual.

18.     Because of his disability, Mr. Kane requires closed captions to understand and comprehend television programs, whether online or on the television.

19.     Mr. Kane is an avid fan of golf and is a subscriber of PGA Tour Live through NBC Sports Gold.

20.     Mr. Kane contacted NBC Sports Gold in March and July of 2019 to inquire and to express his concerns about Defendants' failure to provide closed captioning for the programs and contents on PGA Tour Live. NBC Sports Gold representatives merely responded that closed captioning is not available for PGA Tour Live.

21.     Upon information and belief, NBC Sports Gold does offer closed captioning for certain other content.

22.     Despite Defendants' ability to offer closed captioning for their content, and despite Defendants' knowledge that captioning is crucial to provide deaf and hard of hearing individuals access to their programs and contents, and despite Mr. Kane's inquiries and requests, Defendants continue to not provide captioning for PGA Tour Live.

23.     Defendants' failure to provide closed captioning for PGA Tour Live makes it inaccessible to Mr. Kane and other deaf and hard of hearing individuals.

24.     As a result, Defendants denied Mr. Kane the benefits of their programs and services on PGA Tour Live.

25.     Based on these facts, Defendants have failed to implement policies, procedures, and practices respecting the rights and needs of deaf and hard of hearing individuals.

26.     Based on these facts, Defendants have failed to implement policies, procedures, and practices ensuring that the programs and contents that they create, produce, and/or provide are accessible to deaf and hard of hearing individuals.

27.     Mr. Kane has also suffered emotional distress in the form of frustration, anxiety, humiliation, loss of enjoyment, and anger because of Defendants' failure to caption their videos and Defendants' deliberate indifference to his accommodation needs.

28.     In the future, Mr. Kane would like to and intends to use Defendants' services, including PGA Tour Live, if closed captioning is provided.

## CLAIM I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

29.     Plaintiff repeats and realleges all preceding paragraphs in support of the claim.

30.     At all times relevant to the action, Title III of the ADA, 42 U.S.C. § 12181, et seq.,

has been in full force and effect and has applied to Defendant's conduct.

31.     Defendants own, lease, and/or operate a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7) (D).

32.     At all times relevant to the action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

33.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

34.     Title III of the ADA provides that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

35.     Title III of the ADA provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

36.     Title III of the ADA provides that "[i]t shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service,

facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

37.     Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

38.     Title III of the ADA mandates that public accommodations "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

39.     Pursuant to Title III of the ADA, Defendants have an affirmative duty to provide accommodations in the form of captioning for Mr. Kane so that he may enjoy the benefits of Defendants' services, specifically their live sporting events and their pre-recorded programs, most of which are only accessible online.

40.     The ADA and its regulations specifically instruct that the type of auxiliary aid or service provided shall be based on the "method of communication used by the individual, the nature, length, and complexity of the communication involve, and the context in which the communication is taking place," rather than the affordability of the auxiliary aid or service. 28 C.F.R. §36.303(c)(1)(ii).

41.     Defendants discriminated against Plaintiff, on the basis of his disability, in violation of Title III of the ADA and its implementing regulations.

42.     As set out above, injunctive relief is warranted to ensure that Defendants' actions

will not recur with Plaintiff and/or other deaf persons.

43.     Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## CLAIM II: VIOLATIONS OF THE NEW YORK HUMAN RIGHTS LAW

44.     Plaintiff repeats and re-alleges all preceding paragraphs in support of the claim.

45.     At all times relevant to the action, the New York Human Rights Law, Article 15 of the New York Executive Law § 290, et seq. has been in full force and effect and has applied to Defendants' conduct.

46.     At all times relevant to the action, Plaintiff has had substantial impairments to the major life activities of hearing and speaking and has been a qualified individual with a disability within the meaning of New York Executive Law § 292(21).

47.     At all times relevant to the action, Defendants have been places of public accommodation within the meaning of N.Y. Exec. L. § 292(9).

48.     Pursuant to N.Y. Exec. L. § 296(2)(a), "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability . . . or that the patronage or custom thereat of any person of or purporting to . . . having a disability is unwelcome, objectionable or not acceptable, desired or solicited."

49.     Pursuant to N.Y. Exec. L. § 296(2)(c), discrimination includes "refusal to make

reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities."

50.     As set forth above, Defendants discriminated against Plaintiff, on the basis of her disability, in violation of the NYHRL.

51.     The NYHRL extends a cause of action and relief to "any person claiming to be aggrieved" by an unlawful discriminatory practice. N.Y. Exec. L. § 297(9).

52.     Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.Y. Exec. L. § 297(9).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant:

A.     Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the New York Human Rights Law.

B.     Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendants' facilities, services or programs;

C.     Order Defendants:

    i. to develop, implement, promulgate, and comply with a policy requiring that that all of the programs and contents created, produced, and/or provided by Defendants are captioned and accessible to deaf and hard of hearing individuals.

    ii. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination of failing to provide reasonable accommodation and effective communication to Plaintiff or other deaf or hard of hearing individuals;

    iii. to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual informs Defendants that there are captioning issues, Defendants will ensure that captioning is added to the video in a timely fashion;

    iv. to train all of Defendants' employees, staff, and other agents on a regular basis about the rights of deaf or hard of hearing individuals under the ADA and the New York Human Rights Law;

D.    Award to Plaintiff:

    i. Compensatory damages pursuant to the New York Human Rights Law;

    ii. Reasonable costs and attorneys' fees pursuant to the ADA;

    iii. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

    iv. Any and all other relief that this Court finds necessary and appropriate.

Dated: April 24, 2020

                         Respectfully submitted,

                         By:

Andrew Rozynski, Esq. (NY# 5054465)
arozynski@eandblaw.com
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
*Attorneys for Plaintiff*